IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROJECT LEADERSHIP ASSOCIATES INC. <br> Plaintiffs, <br> v. <br> TELEPATHY, INC. <br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT AND JURY DEMAND

For its Complaint against Defendant Telepathy (hereafter "Telepathy"), Plaintiff Project Leadership Associates Inc. ("PLA") alleges as follows:

### NATURE OF ACTION

1. This is an action for violations of the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq.*; violations of the Anti-Cybersquatting Consumer Protection Act of 1999 ("ACPA"), 15 U.S.C. § 1125(d); violations of the Illinois Uniform Deceptive Trade Practices Act; and violations of the unfair competition laws of the State of Illinois.

2. This action results from unauthorized use in commerce of the PLA service mark in the PLA.COM domain name and website and offer to sell to any third party.

1

{2344159:2}

## THE PARTIES

3. PLA is an Illinois corporation having a principal place of business located at 200 W. Adams Suite 250, Chicago, IL 60606.

4. Telepathy, Inc. is a District of Columbia corporation having a principal place of business located at 3601 Connecticut Ave NW, Suite L-7, Washington, DC 20008-2406.

5. Upon information and belief, Telepathy is a corporation in the business of collecting and selling domain names such as PLA.COM. A copy of the WHOIS information for the PLA.COM domain name listing Telepathy as the registrant is attached as **Exhibit A**.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over Plaintiffs' related state law claim under 28 U.S.C. §§ 1338(b) and 1367.

7. This Court has jurisdiction over Telepathy on the grounds that Telepathy has engaged in and continues to engage in infringing activities within this State and this District through the promotion and sale of PLA.COM domain name on the Moniker.com website offering this domain name for sale to any third party. Telepathy's actions produce substantial effects in and directly implicate this forum. In fact, the PLA.COM domain name is still offered for sale on the Moniker.com website to any third party. See **Exhibit B**.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391 because Telepathy is subject to personal jurisdiction in this District, and thus resides in this District, or in the alternative, because a substantial part of the events giving rise to the claims herein occurred in this District.

## **FACTS**

### *PLA and Its Trademark*

9. Plaintiff was founded in 1998 by Dan Porcaro and a team of former associates offering a wide range of technology services to mid-market clients.

10. From its inception in 1998, Plaintiff was known by its clients as the "PLA" business consulting and business application services with on-line database services.

11. Through strategic acquisitions, the Plaintiff launched new locations in Houston, San Antonio and Dallas for its technology services.

12. In September 2008, Plaintiff filed for federal registration of its PLA mark and on October 27, 2009, the PLA mark became a registered trademark.

### *PLA.COM: Offered for sale on the Moniker.com website*

13. On July 30th, 2008, Neil Parekh while in the District saw on his computer that the Moniker's Whois database (Exhibit "A") listing Telepathy as the registrant of PLA.COM domain name and offering it for sale whereby Neil sent an email inquiring about an interest in purchasing this domain name for a reasonable price.

14. During the week of August 4th to August 8th, 2008, Neil Parekh of PLA and Nate Cohen of Telepathy traded a series of emails with attachments concerning PLA's interest in buying the PLA.COM domain name for a reasonable price.

15. On August 4th, Neil sent an email to Nate offering to purchase the domain name for a reasonable price stating that "I noticed you have owned the domain for quite some time and we are willing to buy it from you" but Nate rejected this offer by stating that Telepathy had sold three letter .COM domain names for well over one hundred thousand dollars ($100,000) or more and that the PLA.COM domain name was worth at least one hundred thousand dollars

3

($100,000.00) to the right company.

16. Nate then offered PLA a lease-to-own option through a subsequent email for acquiring the domain name involving a Telepathy license agreement with a license fee of $2,000/month of which half would be applied to the full purchase price of the domain name when PLA signed a Telepathy transfer agreement requiring a full payment in three days.

17. Neil sent an email stating that he would have to discuss this option of purchasing the domain name with his team and then Nate suggested sending Telepathy's standard license and transfer agreements to Neil via email with the attached agreements, which Nate did with the dollar amounts in each agreement left blank.

18. Subsequently, Nate Cohen sent via an email to the District, Telepathy's Transfer Agreement with the dollar amount of eighty thousand dollars ($80,000.00) filled in for the purchase of the PLA.COM domain name. See **Exhibit C.**

19. On information and belief, Nate Cohen either by intention or by omission failed to inform Neil Parekh that Telepathy had just recently purchased the domain name PLA.COM from another party in late 2007 or 2008 for an undisclosed amount.

### *PLA.COM DOMAIN RIGHTS OWNED BY SEVERAL OTHER PARTIES*

20. From the Internet Archive Wayback Machine, the PLA.COM domain name was simply registered but had no web pages that were accessible on the Internet for the years 1996 through 2003. See attached **Exhibit D.**

21. For the years 2004 through 2005, the PLA.COM domain name was used on the Internet for an AdultFriendFinder.com website. See attached **Exhibit E**

22. For the years 2006 through 2007, the PLA.COM domain name was used on the Internet for links to retail sites to purchase merchandise or services to finance, beauty, travel etc.

with a search engine feature called searchfusion (**Exhibit F**) and then later the WebPages changed to just a searchfusion website with no links. See attached **Exhibit G.**

23. On information and belief for the year 2008, there were two web pages available on the Internet with a search engine called "searchfusion" and no other links or websites, which Defendant used to warehouse the PLA.COM domain name to show commercial use of the domain name but these two WebPages for the PLA.COM domain name were taken down sometime in the year 2009 and remain down in 2010 to hide its previous commercial use. See attached **Exhibit H.**

24. PLA contacted the Defendant several times directly and through its attorneys over the last two year in attempts to negotiate a settlement over the dispute in the ownership of the PLA.COM domain name because of Plaintiff's registered PLA mark but to no avail.

25. In the interim, PLA clients continued to use the top level domain name "PLA.COM" in attempts to find Plaintiff's technology services business but instead only found the searchfusion webpage and then nothing on the Internet concerning PLA.COM domain name when attempting to find Plaintiff's consulting services as the domain name was presently being warehoused by Defendant to exact a higher purchase price from the Plaintiff.

*Telepathy's Violation of PLA's Right of Publicity And Unfair Competition*

26. Without permission from Plaintiff and with knowledge of Plaintiffs' trademark rights, Telepathy has been using, advertising, and promoting the PLA.COM domain name for commercial purposes in attempts to sell the domain name on Moniker's.com website to unknown third parties.

27. The pla.com domain name is an interactive commercial domain name that had been used by Telepathy to sell unauthorized products and services in competition with PLA's

5

{2344159:2}

authorized websites.

28. For example, previously under either the "Searchfusion" search engine or the various links to other business services on its website, Telepathy allowed third parties access to link to potential competitors of PLA including those offering the same business services.

29. Moreover, the current commercial offer for sale on the Moniker's.com website for the pla.com domain name will actively divert traffic away from PLA's authorized websites if a third party purchases the domain name using the PLA mark in its domain name and metatags of the pla.com domain name.

## COUNT I

### Violation of Right of Publicity

30. The first ground for relief, brought by the PLA, is for violations of the Illinois Rights of Publicity Act, 765 ILCS 1075/1, *et seq*. PLA repeats and realleges the allegations of Paragraphs 1 through 29 as though fully set forth herein.

31. Telepathy's unauthorized commercial use of PLA's name and likeness on the www.pla.com domain name violates 765 ILCS 1075/1, *et seq*.

32. Telepathy's unauthorized acts are intentional and willful.

33. Telepathy's acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to PLA, for which the PLA has no adequate remedy at law.

## COUNT II

### CYBERSQUATTING

34. As its second ground for relief, PLA hereby alleges violations of the Anti-Cybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d). The PLA repeats and

realleges the allegations of paragraphs 1 through 28, as though fully set forth herein.

35. Telepathy has no legitimate right to use the PLA name and mark.

36. The PLA owns U.S. Trademark Registration 3,703,121 for the PLA mark for use in connection with business consultation services in International Class 35 and with application service for online software tools. A copy of the Certificate of Registration for U.S. Trademark Registration Number 3,703,121 is attached as **Exhibit I**.

37. Telepathy's use of the domain name PLA.com in connection with the www.pla.com website was done in bad faith with the intent to profit from the goodwill of the PLA's rights in the name PLA.

38. Telepathy's use of the domain name pla.com in connection with the www.pla.com website was done purely for a commercial purpose.

39. Telepathy intended to divert website traffic from PLA's authorized websites to its unauthorized www.pla.com site for commercial gain, which harms the PLA's goodwill in the PLA mark and right of publicity.

40. Moreover, on information and belief, Plaintiff has learned that Telepathy has been warehousing other domain names too and is generally in the business to warehouse domain names and then ask unreasonable sums from companies having the three letter acronym in its names such as incorporating the PLA name and mark into the domain name pla.com, which has not been authorized by the PLA.

## COUNT III

### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

41. As its third ground for relief, Plaintiffs hereby allege violation of the Illinois

Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*. Plaintiffs repeat and reallege each of the allegations of Paragraphs 1 through 40, as though fully set forth herein.

42. Telepathy's aforesaid activities constitute deceptive trade practices in the course of Telepathy's business in willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

43. As its fourth ground for relief, PLA hereby alleges Telepathy's aforesaid acts constitute unfair competition in violation of the common law of the State of Illinois. PLA repeats and realleges each of the allegations of Paragraphs 1 through 42, as though fully set forth herein.

44. Telepathy's unlawful conduct has caused damage and irreparable injury to PLA, and further damage and irreparable injury will result if Telepathy is allowed to continue offering for sale the www.pla.com website on Moniker's.com website and/or to operate the www.pla.com website.

**WHEREFORE,** Plaintiffs prays that this Court enter the following judgment and order:

1. That Telepathy has violated the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq;* the Lanham Act, 15 U.S.C. § 1125(d), the Illinois Uniform Deceptive Trade Practices Act, and the unfair competition laws of the State of Illinois;

2. That Telepathy and all those in active concert or participation with Telepathy, be preliminarily and permanently enjoined and restrained from:

    A. Using, advertising, or promoting the pla.com domain name and website, or any other domain name or website that gives rise to a likelihood of


confusion, mistake or deception of the PLA name and service mark;

B.  Doing any other act or thing likely to injure Plaintiffs' business reputation and the goodwill associated with the PLA name and service mark; and

C.  Unfairly competing with Plaintiffs in any manner whatsoever.

3. That Telepathy be directed to assign to PLA the pla.com domain name and any other domain name that gives rise to a likelihood of confusion, mistake or deception with the PLA service mark or that the Court order the forfeiture or cancellation of the aforementioned domain names and transfer the domain names to PLA;

4. That Telepathy be ordered to pay statutory damages in the amount of $100,000;

5. That Telepathy be ordered to compensate Plaintiffs in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion or damage caused by Telepathy's unlawful acts complained of herein;

6. That, pursuant to 15 U.S.C. § 1116, Telepathy be directed to file with the court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Telepathy has complied with the injunction;

7. That, because of the exceptional nature of this case resulting from Telepathy's deliberate and willful actions, this Court award to Plaintiffs all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117; and

8. That Plaintiffs have such other and further relief as this Court may deem just.

{2344159:2}

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demands a trial by jury on all issues so triable.

                                      Respectfully submitted,

                                      PROJECT LEADERSHIP ASSOCIATES INC.

Dated: September 13, 2010      By:      /s/Michael J. Femal
                                                Michael J. Femal
                                                Peter Berk
                                                McDonald Hopkins, LLC
                                                300 N. LaSalle Street, Suite 2100
                                                Chicago, Illinois 60654
                                                TEL: 312.642.1902
                                                FAX: 312.280-0111
                                                EMAIL: mfemal@mcdonaldhopkins.com
                                                                    pberk@mcdonaldhopksins.com

{2344159:2}