IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROJECT LEADERSHIP ASSOCIATES INC. | |
|     Plaintiff-Counter Defendant, | Hon. Sharon Johnson Coleman |
| v. | Magistrate Judge Maria Valdez |
| TELEPATHY, INC. | Civil Action No. 1:10-cv-05810 |
|     Defendant-Counter Plaintiff. | |

**PLAINTIFF-COUNTER DEFENDANT'S ANSWER TO DEFENDANT COUNTER-PLAINTIFF TELEPATHY, INC.'S COUNTERCLAIM**

Plaintiff-Counter Defendant Project Leadership Associates, Inc.. ("PLA"), by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable, and hereby answers each of the numbered paragraphs of Defendant-Counter Plaintiff Telepathy, Inc.'s ("Telepathy") Counterclaim, as follows:

1. Defendant/Counterplaintiff, TELEPATHY, INC. is a corporation organized under the laws of the District of Columbia with a principal place of business in Washington D.C. with a business address of P.O. Box 11077, Washington, D.C. 20008.

    **ANSWER**: PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1.

2. Plaintiff/Counterdefendant, Project Leadership Associates, Inc. ("Counterdefendant"), is a corporation organized under the laws of the State of Illinois with a principal place of business at 200 W. Adams Street, Suite 250 Chicago, IL 60606.

    **ANSWER**: PLA admits the allegations of Paragraph 2.

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121, and 28 U.S.C. §1332. There is absolute diversity and the amount in controversy exceeds seventy-five thousand

dollars ($75,000), exclusive of costs and interests.

      **ANSWER**: PLA admits the allegations of Paragraph 3.

## FACTUAL ALLEGATIONS

4.    Since October 2006, Counterplaintiff has owned the domain name, www.pla.com (the "Domain Name").

      **ANSWER**: PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4.

5.    Counterplaintiff purchased the Domain Name in good faith and without knowledge of Counterdefendant.

      **ANSWER**: PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5.

6.    Since its purchase of the Domain Name in October 2006, Counterplaintiff has properly used the Domain Name in good faith.

      **ANSWER**: PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6.

7.    The Domain Name consists of a common three (3) letter combination.

      **ANSWER**: PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7.

8.    Counterplaintiff currently owns and has owned many three (3) letter domain names, which it has purchased and used in good faith.

      **ANSWER**: PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8.

9.    The United States Patent and Trademark Office identifies two-hundred and ten (210) live registered trademarks that incorporate the "PLA" combination of letters.

      **ANSWER**: PLA denies that there are two-hundred and ten (210) live registered trademarks that incorporate the "PLA" combination of letters.

{2480960:}

10. Notably, at least four (4) of the registered trademarks that use "PLA" pre-date Counterdefendant's registration of its own "PLA" mark.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10.

11. The combination of the letters "PLA" is common and generic, and numerous companies, associations and entities permissibly use or incorporate the letters "PLA."

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11.

12. Counterdefendant's trademark is merely a combination of generic or common letters, and it is not afforded strong protection under trademark law.

**ANSWER:** PLA denies that their trademark is merely a combination of generic or common letters that is not afforded strong protection under the trademark law for its goods/services.

13. A search of Google's records using the search term "PLA" produces 54,400,000 results, of which the top two-pages of results include, among other popular and common entities/uses: the "Public Library Association;" the "People's Liberation Army;" and "Playboy Enterprises, Inc." (the "Google Search Results").

**ANSWER:** PLA denies that a Google records using the search term "PLA" produces 54,400,000 results. PLA admits that the "Public Library Association," the "People's Liberation Army;" and "Playboy Enterprises, Inc." are found in the Google Search Results.

14. Counterdefendant did not apply to register a trademark for "PLA" until September 4, 2008; nearly two (2) years after Counterplaintiff purchased the Domain Name.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14.

15. Counterdefendant holds itself out as a sophisticated business entity in the business of providing "high value business and technology solutions" to its business clients.

**ANSWER:** PLA admits that it provides "high value business and technology solutions"

{2480960:}

to its business clients. PLA denies the remaining allegations of Paragraph 15.

16. Counterdefendant knew or should have known that the Domain name was unavailable at least as early as (if not long prior to) when it began preparing its application for its trademark.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16.

17. Counterdefendant knew or should have known that it had not exclusive right to use the letter combination "PLA" when it sought to purchase the Domain Name from Counterplaintiff.

**ANSWER:** PLA denies the remaining allegations of Paragraph 17.

18. Counterdefendant knew or should have known long prior to its contacting Counterplaintiff that its trademark was weak and that trademark law does not entitle it to exclusive use of the three letters "PLA."

**ANSWER:** PLA denies the remaining allegations of Paragraph 18.

19. Counterdefendant was aware long prior to contacting Counterplaintiff that the public use of the three letters "PLA" is widespread and extends to thousands of businesses and entities.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 that the public use of the three letters is widespread and extends to thousands of businesses and entities. PLA denies the remaining allegations of Paragraph 19.

20. On or around August 4, 2008, Counterdefendant contacted Counterplaintiff to inquire whether Counterplaintiff would sell the domain name www.pla.com to Counterdefendant. A copy of Counterdefendant's e-mail request to sell the Domain Name is attached as **Exhibit A.**

**ANSWER:** PLA admits that it contacted Telepathy to inquire about the domain name www.pla.com. PLA denies the remaining allegations of Paragraph 20.

21. Counterdefendant submitted an offer to purchase the Domain Name for $10,000.

**ANSWER:** PLA denies that it submitted an offer to purchase the Domain Name "PLA" for $10,000.

22. When the Counterdefendant made the offer to purchase the Domain Name, it affirmed that it had no legal right to the Domain Name. **Exhibit A.**

**ANSWER:** PLA denies that it had no legal right to the Domain Name "PLA". PLA denies the remaining allegations of Paragraph 21.

23. Counterplaintiff responded to Counterdefendant's written request to sell the Domain Name by providing a valid counter offer to lower the price to sell the Domain Name to $90,000. A copy of the written offer to lower the sale price of the Domain name is attached as **Exhibit B.**

**ANSWER:** PLA denies that it submitted a valid counter offer to purchase the Domain Name "PLA" for $90,000. PLA denies the remaining allegations of Paragraph 23.

24. Through its officer Neil Parekh, Counterdefendant provided Counterplaintiff an offer in writing to purchase the Domain name for $80,000. A copy of Counterdefendant's written offer to purchase the Domain Name is attached as **Exhibit C.**

**ANSWER:** PLA denies that it submitted a valid offer in writing to purchase the Domain Name "PLA" for $80,000. PLA denies the remaining allegations of Paragraph 24.

25. Counterplaintiff accepted Counterdefendant's counteroffer and sent a contract for execution that included the accepted purchase price of $80,000. A copy of Counterplaintiff's written acceptance of Counterdefendant's offer is attached as **Exhibit D**.

**ANSWER:** PLA denies that it submitted a valid counteroffer in writing to purchase the Domain Name "PLA" for $80,000 that was accepted by Telepathy. PLA admits that Telepathy sent a "draft" contract with a purchase price of $80,000. PLA denies the remaining allegations of Paragraph 25.

26. Counterplaintiff provided Counterdefendant written confirmation of its acceptance of Counterdefendant's offer to purchase the Domain Name.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26.

27. A valid and binding contract to purchase the Domain Name for $80,000 was created and is based on the written acceptance of Counterdefendant's offer to purchase.

5

{2480960:}

**ANSWER:** PLA denies the allegations of Paragraph 27.

28. Counterdefendant knew or should have known that its filing of the Complaint is an improper attempt to compel Counterplaintiff to transfer the Domain Name for less than the agreed to purchase price and to avoid its contact obligations.

**ANSWER:** PLA denies the allegations of Paragraph 28.

### Causes of Action

#### COUNT I
#### DECLARATORY RELIEF – 28 U.S.C. § 2201
#### NO VIOLATION OF ACPA

29. Counterplaintiff incorporates herein, by reference, the allegations set forth in paragraphs 1 through 28 of its Counterclaim as if set forth herein verbatim.

**ANSWER:** PLA realleges Paragraphs 1 through 28 of this Counterclaim as and for this Paragraph 29.

30. There is an actual controversy with respect to whether Counterdefendant is entitled to transfer of the Domain Name based on Counterdefendant's rights under the ACPA.

**ANSWER:** PLA admits the allegations of paragraph 30.

31. In registering the Domain Name, Counterplaintiff lacked any bad faith intent to profit from Counterdefendant's mark as provided in 15 U.S.C. § 1125(d)(1)(A)(i).

**ANSWER:** PLA denies the allegations of paragraph 31.

32. Counterplaintiff purchased the Domain Name at least two (2) years prior to the date Counterdefendant filed its application to register its trademark.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32.

33. For at least the past four (4) years, Counterplaintiff has used the Domain Name in connection with the bona fide offering of services in the nature of the display of PPC advertising

links with no apparent relationship to the contextual meaning of the term "PLA."

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33.

34. Counterplaintiff has not intended to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by Counterdefendant's trademark by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34.

35. No advertisement or other content has ever appeared on Counterplaintiff's web site at www.pla.com that had any relationship to the goods and services associated with Counterdefendant's trademark.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35.

36. Counterplaintiff used the Domain Name in the bona fide offering of goods and services prior to offering to transfer, sell, or otherwise assign the Domain name to Counterdefendant or to any third party for financial gain.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36.

37. At all times Counterplaintiff has maintained accurate contact information for the Domain Name.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37.

38. At all times Counterplaintiff has acted in good faith.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38.

39. Counterplaintiff has reasonable grounds to believe its registration and use of the Domain Name was at all material times reasonable and lawful, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 39.

40. Counterplaintiff registers and acquires domain names that incorporate common words and descriptive terms.

**ANSWER:** PLA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40.

41. Counterplaintiff has not registered domain names with the intent to profit from a trademark.

**ANSWER:** PLA denies the allegations with regard to the Domain Name "PLA." PLA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 41.

42. Counterdefendant's trademark is not "famous" as provided under 15 U.S.C. §§ 1125(d)(1)(B)(i)(IX), 1125(d)(1)(A)(ii).

**ANSWER:** The PLA® mark is well known or "famous" nationally for IT services in various business services described in its Federal Registration. Therefore, PLA denies the allegations of Paragraph 42.

43. Counterdefendant does not have exclusive right to the use of the term "PLA" nor did it have such right as the time Counterplaintiff registered the Domain Name.

**ANSWER:** PLA denies the allegations of paragraph 43.

44. Counterplaintiff's registration and use of the Domain Name does not violate Counterdefendant's rights under the ACPA.

**ANSWER:** PLA denies the allegations of paragraph 44.

8

{2480960:}

## COUNT II
## BREACH OF CONTRACT

45. Counterplaintiff incorporates herein, by reference, Paragraphs 1-44 of its Counterclaim as if set forth herein verbatim.

**ANSWER:** PLA realleges Paragraphs 1 through 44 of this Counterclaim as and for this Paragraph 45.

46. Counterdefendant is a sophisticated business entity.

**ANSWER:** PLA admits that it is a business entity. PLA denies the remaining allegations of Paragraph 46.

47. Counterdefendant made a valid written offer to purchase the Domain Name from Counterplaintiff.

**ANSWER:** PLA denies the allegations of paragraph 47.

48. When it made its offer to purchase the Domain Name, Counterdefendant represented that it had no claim to the Domain Name and no trademark claim against Counterplaintiff.

**ANSWER:** PLA denies the allegations of paragraph 48.

49. After discussing the terms of the offer, Counterplaintiff presented a valid counteroffer to Counterdefendant to sell the Domain Name.

**ANSWER:** PLA denies the allegations of paragraph 49.

50. Counterdefendant presented Counterplaintiff with a written offer to purchase the Domain Name for $80,000.

**ANSWER:** PLA denies the allegations of paragraph 50.

51. After receiving the offer, Counterplaintiff accepted, in writing, the offer to purchase the Domain Name for $80,000.

**ANSWER:** PLA denies the allegations of paragraph 51.

52. As sophisticated entities, the parties' had a valid offer and acceptance, in writing, to sell

the Domain Name to Counterdefendant in exchange for $80,000.

**ANSWER:** PLA denies the allegations of paragraph 52.

53. To date, Counterdefendant has failed to pay the purchase price of $80,000.

**ANSWER:** PLA denies that it had any obligation to pay for a non-existent purchase contract for the domain name of "PLA." PLA denies all remaining allegations of Paragraph 53.

54. By reason of the foregoing, Counterdefendant is in breach of its duties and obligations under the Contract.

**ANSWER:** PLA denies the allegations of paragraph 54.

### COUNT III
### CANCELLATION OF TRADEMARK

55. Counterplaintiff incorporates herein, by reference, Paragraphs 1-54 of its Counterclaim as if set forth herein verbatim.

**ANSWER:** PLA realleges Paragraphs 1 through 54 of this Counterclaim as and for this Paragraph 55.

56. Pursuant to 15 U.S.C. §1119 and 15 U.S.C. §1064, this Court may cancel the federal registration of Counterdefendant's trademark where such trademark was obtain by fraud.

**ANSWER:** PLA denies the allegations of paragraph 56.

57. In September, 2008, Counterdefendant filed its application to register "PLA" as a federal trademark under oath.

**ANSWER:** PLA admits the allegations of paragraph 57.

58. Upon information and belief, Counterdefendant's federal trademark application contained fraudulent misrepresentations as to the Counterdefendant's date of first use of the trademark.

**ANSWER:** PLA denies the allegations of paragraph 58.

59. In addition, when it filed its trademark application, Counterdefendant knew that it had not previously used the "PLA" designation as a trademark in interstate commerce.

{2480960:}

**ANSWER:** PLA denies the allegations of paragraph 59.

60. Counterdefendant made these and other misrepresentations to the United States Patent and Trademark Office ("USPTO") for the purpose of deceiving the USPO and to wrongfully obtain federal trademark protection.

**ANSWER:** PLA denies the allegations of paragraph 60.

61. Counterdefendant's trademark registration was secured by fraud because it knowingly misrepresented, among other things, the date it first used "PLA" as trademark in commerce, as required by the Lanham Act.

**ANSWER:** PLA denies the allegations of paragraph 61.

62. Because Counterdefendant's trademark application and representations to the USPTO were knowingly false, the trademark with Serial No. 3,703,121 should be canceled, and this case should be dismissed.

**ANSWER:** PLA denies the allegations of paragraph 62.

**RESPONSE TO PRAYER FOR RELIEF**

PLA denies that Telepathy is entitled to any of the relief requested in its

Counter Complaint, or any relief whatsoever.

**RESPONSE TO JURY DEMAND**

PLA demands a trial by jury on all issues so triable.

\* \* \*

PLA denies all other allegations not specifically addressed in its Answer.

## AFFIRMATIVE DEFENSES

PLA alleges and asserts the following defenses in response to the allegations that relate to Counts I to III undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. PLA reserves its right to supplement and/or update its defenses.

### FIRST AFFIRMATIVE DEFENSE

1. Telepathy's claim for declaratory relief under 28. U.S.C. § 2201 for no violation of ACPA should be denied due to its inappropriate conduct toward PLA during the alleged negotiations for the Domain Name PLA.

2. Telepathy from the initial contact with PLA knew that PLA was an "unsophisticated business entity" when it came to the acquisition of Domain Names and sought to take advantage of PLA through exaggerated and unreasonably and inexcusably statements that all three letter Domain Names like "PLA" were worth over $100,0000 plus with a .com suffix.

3. PLA has suffered material prejudice from Telepathy's unreasonable and inexcusable demands to purchase the Domain Name for unreasonable sums of money when Telepathy knew from negotiating with PLA that the three letter Domain Name was the trademark of PLA for over ten years prior to Telepathy purchasing the domain name that mirrored PLA's trademark and later during negotiations that PLA was seeking a Federal Registration for its important mark.

### SECOND AFFIRMATIVE DEFENSE

4. Telepathy's claim for breach of contract is barred by the equitable doctrine of estoppel.

5. Through misleading conduct (including silence and inaction), Telepathy led PLA to reasonably infer that Telepathy would not seek an unreasonable contract sum to transfer the

"PLA" Domain Name to PLA who informed Telepathy that it was using PLA as its brand name and mark for its business.

6.   PLA was "unsophisticated" in the business of seeking the Domain Name that mirrored its long standing trademark PLA®.

7.   PLA continued its business operations expecting to get the Domain Name in reliance on Telepathy's misleading conduct and further Telepathy expected to receive a reasonable purchase contract for the Domain Name, which Telepathy new required PLA's Board approval before the deal to purchase the Domain Name could be finalized.

8.   PLA has suffered material prejudice from Telepathy's misleading conduct due to the loss of being to launch its new webpage under the Domain Name that mirrors its long standing registered trademark nationwide.

### **THIRD AFFIRMATIVE DEFENSE**

9.   Telepathy's claim for cancellation of PLA's trademark is barred by the equitable doctrine of estoppel.

10.   Telepathy and PLA discussed in August of 2008 and on numerous occasions thereafter that the reason PLA was interested in the Domain Name was because PLA had been known for a number of years as PLA® IT business services.  Telepathy never represented, complained about, or alluded to the fact that it disapproved of PLA Federal registration of its mark due to any fraudulent misrepresentations of use in interstate commerce but to the contrary Telepathy knew PLA had been using its registered trademark for years in interstate commerce and even encouraged PLA to purchase the Domain Name to mirror its registered Trademark because it had been used in interstate commerce for years.

WHEREFORE, Plaintiff-Counter Defendant, Project Leadership Associates, Inc., respectfully requests judgment in favor of it and against Defendant-Counter Plaintiff as follows:

a. For compensatory damages for filing the frivolous Counter Complaint;

b. For additional damages in the amount of interest through the date of judgment;

c. For the costs and expenses of litigation, including reasonable attorneys' fees; and

d. For such other relief as the court may deem appropriate.

        Respectfully submitted,

        PROJECT LEADERSHIP ASSOCIATES INC.

Dated: December 6, 2010    By:    /s/Michael J. Femal  
        Michael J. Femal  
        Peter Berk  
        McDonald Hopkins, LLC  
        300 N. LaSalle Street, Suite 2100  
        Chicago, Illinois 60654  
        TEL: 312.642.1902  
        FAX: 312.280-0111  
        EMAIL:mfemal@mcdonaldhopkins.com  
        pberk@mcdonaldhopksins.com

**CERTIFICATE OF SERVICE**

    I, Michael J. Femal, an attorney, hereby certify that on December 6, 2010, I electronically filed the foregoing PROJECT LEADERSHIP ASSOCIATES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT COUNTER-PLAINTIFF TELEPATHY, INC.'S COUNTERCLAIM with the Clerk of the Court using the Electronic Case Filing System which will send notification of such filing to the interested parties of record.

                                                  /s/ Michael J. Femal